**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES LIABILITY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MATRIX SOLUTIONS, LLC, <br><br> Defendant. | Case No. 23-2231 |

**COMPLAINT**

Plaintiff United States Liability Insurance Company ("USLI"), pursuant to 28 U.S.C. § 2201(a) and Federal Rules of Civil Procedure 8(a) and 57, for its complaint against Defendant Matrix Solutions, LLC ("Matrix") alleges as follows:

**I.  PARTIES, JURISDICTION, AND VENUE**

1. USLI is an insurance company and corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Pennsylvania.

2. Matrix is a limited liability company organized under the laws of the State of Kansas.  Upon information and belief, Nelson Umana, a resident and citizen of the State of Kansas, is Matrix's only member.

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between USLI and Matrix, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to USLI's claim for relief occurred in this district.

## II.  GENERAL ALLEGATIONS

### A.  USLI's Policy Issued to Matrix

5. USLI issued Insurance Agents and Brokers Professional Liability Policy No. IAE1552111E to Matrix for the **Policy Period** 09/28/2020 to 09/28/2021 ("Policy").  A true and correct copy of the Policy, with the premium amounts redacted, is attached as Exhibit A.

6. The Policy's Insuring Agreements state, in relevant part:

A. The **Company** will pay on behalf of an **Insured**, **Loss** excess of the Deductible not exceeding the Limit of Liability shown on the Policy Declarations for which this coverage applies that an **Insured** shall become legally obligated to pay because of **Claims** first made against an **Insured** during the **Policy Period** . . . , for **Wrongful Acts** . . . .  Coverage only applies for **Wrongful Act**(s) . . . occurring prior to the Coverage Form expiration or if applicable, effective date of cancellation or non-renewal and arising solely out of an **Insured**'s duties on behalf of the **Named Insured**.

B. The **Company** has the right and duty to defend any **Claim** to which this Insurance applies, even if the allegations of the **Claim** are groundless, false or fraudulent.

(Exhibit A, page 5.)

7. The Policy's Defense and Settlement provisions state, in relevant part:

A. The **Company**, as it deems expedient, has the right to investigate, adjust, defend, appeal, and with the consent of the first **Named Insured** shown in the Declarations, negotiate the settlement of any **Claim** for **Loss** whether within or above the Deductible.  If the **Named Insured** refuses to consent to a settlement recommended by the **Company**, the **Named Insured** shall thereafter be obligated to negotiate or defend such **Claim** independently of the **Company**.  Subject to the Limit of Liability, the liability of the **Company** for such **Claim** for **Loss** is limited to the amount in excess of the Deductible which the **Company** would have contributed to the settlement had the first **Named Insured** shown in the Declarations consented to settlement at that time plus **Claims Expenses** covered by the Coverage Form incurred up to the date of such refusal to settle.

(Exhibit A, page 8.)

8. The Policy's Defense and Settlement provisions also include conditions regarding Matrix's duty to cooperate with USLI, which state, in relevant part:

2

    B.    All **Insureds** agree to cooperate with the **Company** on all **Claims**, and provide such assistance and information as the **Company** may reasonably request. Upon the **Company**'s request, any **Insured** shall submit to examination and interrogation by a representative of the **Company**, under oath if required, and shall attend hearings, depositions, trials and shall assist in the conduct of suits, including but not limited to effecting settlement, securing and giving evidence, obtaining the attendance of witnesses, giving written statements to the **Company**'s representatives and meeting with such representatives for the purpose of investigation and/or defense, all of the above without charge to the **Company**. All **Insured**'s further agree not to take any action which may increase any **Insured**'s or the **Company**'s exposure for **Claim Expenses** or **Loss**.

    C.    **Insureds** shall execute all papers required and shall do everything that may be necessary to secure and preserve any rights of indemnity, contribution or apportionment which any **Insured** or the **Company** may have, including the execution of such documents as are necessary to enable the **Company** to bring suit in any **Insured**'s name, and shall provide all other assistance and cooperation which the **Company** may reasonably require.

    D.    No **Insured** shall demand or agree to arbitration of any **Claim** without the written consent of the **Company**. No **Insured**'s shall, except at personal cost, make any offer or payment, admit any liability, settle any **Claim**, assume any obligation, or incur any expense without the **Company**'s written consent.

(Exhibit A, page 8.)

### B.  Underlying Claim

9.    On July 8, 2021, Matrix reported to USLI a **Claim** by its customer Brothers Cast Stone LLC ("BCS") and requested coverage under the Policy.

10.    Matrix reported that BCS was alleging its workers compensation insurer, Travelers, had denied a claim based on Matrix's failure to pay the premium for BCS's workers compensation policy.

11.    On November 15, 2021, USLI closed its file due to the lack of any further communications from BCS or its injured employee Arsubi Redondo-Licona to Matrix.

12.    On July 25, 2022, USLI reopened its file as a result of a telephone call received from BCS's counsel.

13. That same day, on July 25, 2022, USLI retained defense counsel to represent Matrix against BCS's **Claim**.

14. Since July 25, 2022, USLI has been defending Matrix against BCS's **Claim** under the Policy without a reservation of rights to deny coverage based on any coverage provisions or exclusions.

15. On May 10, 2023, USLI, in accordance with Section A in the Policy's Defense and Settlement provisions, requested Matrix's consent in connection with USLI's efforts to negotiate the settlement of BCS's **Claim**.

16. Matrix has breached its duty to cooperate under the Policy by unreasonably withholding its consent and/or placing unreasonable conditions on its consent beyond the scope of USLI's contractual obligations to Matrix under the Policy, which has caused and is causing USLI substantial prejudice by preventing USLI from using reasonable efforts to negotiate a settlement of BCS's **Claim**.

### III.  CLAIM FOR RELIEF

**(Declaratory Relief)**

17. USLI incorporates and realleges paragraphs 1 through 16 as if fully set forth herein.

18. Under the Policy, USLI has the right to investigate, defend, and with Matrix's consent to negotiate the settlement of **Claims**.  (Exhibit A, page 8.)

19. Under the Policy, Matrix is obligated to cooperate with USLI in the investigation, defense, and settlement of **Claims** by providing such assistance and information as reasonably requested, assisting in effecting settlement, securing and giving evidence, not agreeing to

arbitration of any **Claim** without USLI's written consent, and not taking any action that may increase any **Insured**'s or USLI's exposure for **Claim Expenses** or **Loss**.  (Exhibit A, page 8.)

20. An actual controversy exists between USLI and Matrix regarding USLI's right to negotiate a settlement of BCS's **Claim** and the extent to which Matrix may reasonably withhold its consent to USLI's efforts to negotiate a settlement of BCS's **Claim** and/or place unreasonable conditions on its consent beyond the scope of USLI's contractual obligations to Matrix under the Policy.

21. USLI is entitled to an immediate injunction and declaration that Matrix's duty to cooperate under the Policy requires Matrix to consent without conditions to USLI's reasonable efforts to negotiate a settlement of BCS's **Claim**.

22. USLI is also entitled to a declaratory judgment in its favor, pursuant to 28 U.S.C. § 2201(a), declaring that the Policy does not afford coverage for BCS's **Claim** and USLI has no duty to indemnify Matrix with respect to BCS's **Claim** under the Policy as a result of Matrix's breach of its duty to cooperate.

WHEREFORE, USLI prays that judgment be entered in its favor as follows:

1. Issuing an immediate injunction and declaration that Matrix's duty to cooperate under the Policy requires Matrix to consent without conditions to USLI's reasonable efforts to negotiate a settlement of BCS's **Claim**;

2. Declaring that the Policy does not afford coverage for BCS's **Claim** and USLI has no duty to indemnify Matrix with respect to BCS's **Claim** under the Policy as a result of Matrix's breach of its duty to cooperate; and

3. Awarding USLI such additional relief as shall be deemed appropriate in the circumstances, together with its costs and expenses.

**DEMAND FOR JURY TRIAL**

USLI demands a jury trial on all issues triable of rights by a jury.

Dated this 22nd day of May, 2023.

        UNITED STATES LIABLITY
        INSURANCE COMPANY, Plaintiff

        */s/ Scott D. Hofer*
        Scott D. Hofer, #15787
        Angela Probasco, #27085
        BAKER STERCHI COWDEN & RICE, LLC
        1200 Main Street, Suite 2200
        Kansas City, MO 64105
        (816) 472-7474
        shofer@bakersterchi.com
        aprobasco@bakersterchi.com